IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00664-KDB-DSC

| | |
|---|---|
| STEPHANIE LYNN HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMPUS HEALTH, UNIVERSITY OF | ) |
| NORTH CAROLINA AT CHAPEL HILL | ) |
| et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant the University of North Carolina at Chapel Hill's Motion to Dismiss Complaint" (document #15) and the parties' briefs.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for the Court's consideration.

The existence of subject matter jurisdiction is a threshold issue. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when

fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).

"Unless the case involves specialized issues such as admiralty and patents, a federal district court typically will have jurisdiction only if the requirements of 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship) are satisfied." Stafford v. Discover Bank, 350 F. Supp. 2d 695, 697 (M.D.N.C. 2004).

Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(2021). "The Supreme Court has explained that 'Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Stafford, 350 F. Supp. 2d at 697-98 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). Plaintiff's Complaint asserts claims for negligence, "misdiagnose", "prescription mistakes", personal injury, damages, "property damages", death and "failure to keep our daughter safe". Document #1 at 6). Her Complaint does not allege any cause of action created by federal law or requiring resolution of a substantial question of federal law. There is no federal question subject matter jurisdiction here.

Federal subject matter jurisdiction may also be based upon diversity of citizenship only if diversity among the parties is complete – that is, plaintiff and defendants are citizens of different states – <u>and</u> the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 187 (1990); <u>Strawbridge v. Curtiss</u>, 3 Cranch 267 (1806). The parties to this action are all North Carolina citizens.

Accordingly, the undersigned respectfully recommends that this matter be <u>dismissed</u> for lack of subject matter jurisdiction.

## **RECOMMENDATION**

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant the University of North Carolina at Chapel Hill's Motion to Dismiss Complaint" (document #15) be **GRANTED** and the Complaint **DISMISSED**.

## **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendants, and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: February 17, 2023

David S. Cayer
United States Magistrate Judge