IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00664-KDB-DSC

| | |
|---|---|
| STEPHANIE LYNN HILL,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPUS HEALTH,<br>UNIVERSITY OF NORTH<br>CAROLINA AT CHAPEL HILL,<br>ET AL.,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 8, 15), the Memoranda and Recommendations ("M&R") of the Honorable United States Magistrate Judge David S. Cayer to grant the motions, (Doc. Nos. 14, 20), and Plaintiff's *pro se* objections and Motion to Change Venue (Doc. No. 17). The Court has carefully considered these motions, the parties' briefs and other pleadings of record in this action. As discussed briefly below, the Court concludes after its *de novo* review that the recommendations in the M&R to grant Defendants' Motions to Dismiss are correct and in accordance with law because this Court does not have jurisdiction over this action. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and this action will be dismissed without prejudice so that Plaintiff may refile her Complaint in the North Carolina state courts.

I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters,

1

including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal

question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction").

Plaintiff's Complaint asserts claims for negligence, "misdiagnose," "prescription mistakes," personal injury, damages, "property damages," death and "failure to keep our daughter safe," related to Defendants' alleged mishandling of her daughter's mental health issues. Doc. No. 1. However, the Complaint does not allege any cause of action created by federal law or requiring resolution of a substantial question of federal law. Therefore, the Court does not have federal question subject matter jurisdiction.

The Court also does not have subject matter jurisdiction based on federal "diversity jurisdiction," 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, federal district courts only have original jurisdiction of all civil actions "between ... citizens of different States." All the Defendants are, like the Plaintiff, North Carolina residents. So, "diversity jurisdiction" cannot be established.

Accordingly, the Federal courts have no jurisdiction over this matter, which must be filed in North Carolina state court.[1,2]

---

[1] To be clear, the Court has not considered and does not express any opinion as to the merits of Plaintiff's claims.

[2] Having determined that it does not have jurisdiction over this matter, the Court also does not reach Plaintiff's Motion to Change Venue. The Court has no power to transfer a case directly to a state court (other than in removed actions where the Complaint was first brought in a state court). Plaintiff must therefore refile her action in state court, where she has a choice of venue. *See* N.C. Gen. Stat. §1-82 ("… the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement…").

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The findings and conclusions of the Magistrate Judge in the M&Rs, (Doc. Nos. 14, 20), are adopted;

2. Defendants' Motions to Dismiss, (Doc. Nos. 8, 15), are **GRANTED**;

3. This action is dismissed without prejudice; and

4. The Clerk is directed to close this matter in accordance with this Order.

   **SO ORDERED ADJUDGED AND DECREED**.

Signed: March 7, 2023

Kenneth D. Bell
United States District Judge